File Name: 05a0477n.06
Filed: June 7, 2005

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JERRY L. DOYLE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | On appeal from the United States |
| | ) | District Court for the Southern |
| CITY OF COLUMBUS; NAPOLEON BELL, | ) | District of Ohio |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Before:  MARTIN and ROGERS, Circuit Judges; MCKINLEY, District Judge.[*]

Jerry L. Doyle, an Ohio resident proceeding pro se and in forma pauperis, appeals the district court's judgment granting defendants' motion for summary judgment in this civil rights action. *See* Fed. R. Civ. P. 56; 42 U.S.C. §§ 1983, 1985.  This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.  Upon examination, this panel unanimously agrees that oral argument is not needed.  Fed. R. App. P. 34(a).

The basic facts are as follows:  On March 7, 2000, plaintiff attended a meeting of the Columbus Board of Education.  He had several copies of his newspaper, "On the Columbus Plantation," with him at the time.  He intended to distribute the newspapers in the meeting to anyone who requested one.

Defendant Napoleon Bell, a Columbus police officer, was working as a special duty officer at the meeting that day because a threat had been made against the life of Columbus City School Superintendent Rosa Smith.  Bell was not wearing his police uniform, and he did not show his badge

_____

[*]The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western District of Kentucky, sitting by designation.

or any other form of identification to show that he was a Columbus police officer. Bell reported to the Board's officers and security personnel, and he was paid by the Board.

During the meeting, Doyle handed out copies of his newspapers to those who requested them. After passing out several of them, Dave Dobos, the president of the Board, indicated that plaintiff's actions were a disturbance to the meeting, and he requested that plaintiff stop. Bell then told plaintiff to leave, and plaintiff began to do so. While he was making his way toward the door, a woman requested a copy of his newspaper, and he gave her one. Bell then reiterated his order that plaintiff was to cease distributing the newspapers and leave. As he was telling plaintiff this, Bell allegedly took hold of plaintiff, which resulted in plaintiff tripping over a chair and falling to the ground. Plaintiff then arose and walked out of the meeting.

Bell then closed the meeting room's doors and informed plaintiff that he could not re-enter the meeting room with his newspapers. Doyle stated that he had a right to pass out his newspaper, but he eventually decided to leave the newspapers outside and return to the meeting.

The Board meetings were conducted in an open format so that members of the public could attend and raise concerns about how the schools were operated. Usually at some point during the meeting, members of the public were permitted to speak for a maximum of three minutes per person, if the person first completes a form and conforms to the Board's policies for speakers. During the incident in question, the Board's policies required speakers from the general public to "refrain from mentioning the names of individuals or schools when registering a complaint" with the Board. If a speaker did not comply with any of these rules, the Board could then stop him from speaking and make him leave the meeting.

When Doyle re-entered the meeting room, he filled out a speaker form. When the time came for the public to voice their concerns during the meeting, the Board allowed plaintiff to speak. While Doyle was addressing the Board, he broke the Board's rules by stating the name of a Board member. Plaintiff's microphone was turned off by the Board, and he was instructed to be silent, but he continued to speak. The Board then directed that Doyle was to be taken out of the meeting.

At that point, Bell allegedly physically took hold of plaintiff and forced him off the podium. Bell and two other security personnel purportedly lifted plaintiff off his feet and took him out of the room.

Doyle then brought the present action in the district court. In his second amended complaint, plaintiff raised claims under 42 U.S.C. §§ 1981, 1983, and 1985; the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, as well as comparable provisions of the Ohio Constitution; and other state law claims. He brought his complaint against defendants City of Columbus and Napoleon Bell, in his individual and official capacities.

Defendants filed a motion for summary judgment, and plaintiff responded. In his memorandum in opposition to defendants' motion for summary judgment, Doyle voluntarily dismissed his §§ 1981 and 1983 claims, as well as his state law claims and his request for punitive damages, against defendant City of Columbus. Doyle also voluntarily dismissed his § 1981 claims against Bell.

The district court noted in its order granting defendants' motion for summary judgment that plaintiff had filed a very similar action against the Board, that the parties had settled that case, and that plaintiff had dismissed that case in March 2002. The court found that as part of the settlement agreement with the Board, plaintiff had relinquished his claims against the Board, as well as its employees. Additionally, the court found that Bell was acting as a Board employee on the date in question, and therefore, that all of plaintiff's federal and state claims against Bell were determined pursuant to the settlement agreement.

Alternatively, the district court held that Bell was not acting under color of state law during the events in question, and that a grant of summary judgment regarding plaintiff's § 1983 claims was therefore appropriate. Further, the court concluded that even if Bell had been acting under color of state law, he was entitled to qualified immunity. Thus, defendants' motion for summary judgment was granted. Doyle now appeals.

This court reviews an order granting summary judgment de novo, and hence uses the same test as the district court. *See DiCarlo v. Potter*, 358 F.3d 408, 414 (6th Cir. 2004). Summary

judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord DiCarlo*, 358 F.3d at 414. When deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The district court was correct in finding that the settlement agreement signed by plaintiff concerning his case against the Board not only released his claims against the Board, but also against defendant Bell. The settlement agreement stated, inter alia, that Doyle

> releases, holds harmless from any liability, and forever discharges the Board, its members, officers, administrators, employees, agents, attorneys and insurers, both individually and in any other capacity, whether presently employed by the Board or employed at some past date, from any liability arising out of the March 7, 2000[,] meeting of the Board, including but not limited to any and all claims he may now have or in the future may assert under 42 U.S.C. § 1983, claims in tort or contract under state or federal law, or claims for attorneys fees under 42 U.S.C. § 1988, federal law, state law, or common law. This Settlement Agreement and Release of All Claims is not intended by the parties to release the City of Columbus or any police officer of the City of Columbus.

The effect of a settlement agreement upon coconspirators is determined according to the intent of the parties. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 345 (1975). Although the agreement stated that it was not intended to release the City of Columbus or its police officers, defendant Bell was not acting as a police officer of the City of Columbus on March 7, 2000. Rather, Bell was employed by the Board on that particular day. As the district court properly explained, this is evidenced by the fact that Bell was not wearing his police uniform, that he did not show his badge or any other form of identification demonstrating that he was a Columbus police officer, that he reported to the Board and its security personnel, and that he was paid by the Board. Therefore, because Bell was an employee of the Board on March 7, 2000, plaintiff's claims against Bell were also released pursuant to the settlement agreement. Thus, the district court properly granted summary judgment regarding Doyle's claims against Bell.

Doyle asserts on appeal that the district court erred when it stated that plaintiff had voluntarily dismissed all of his claims against the City of Columbus. As previously stated, plaintiff had dismissed his §§ 1981 and 1983 claims, as well as his state law claims and his request for punitive damages, against defendant City of Columbus. However, the district court was incorrect in finding that plaintiff had dismissed all of his claims against the City of Columbus, because plaintiff's § 1985 claim had not been dismissed.

Yet, plaintiff has failed to establish his § 1985 claim because he has not demonstrated that the City had any involvement in the events that occurred at the Board meeting, and because his allegations of a conspiracy involving the City are merely conclusory. To establish a § 1985 claim,

> a complaint must allege that the defendants did (1) "conspire or go in disguise on the highway or on the premises of another" (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." It must then assert that one or more of the conspirators (3) did, or caused to be done, "any act in furtherance of the object of [the] conspiracy," whereby another was (4a) "injured in his person or property" or (4b) "deprived of having and exercising any right or privilege of a citizen of the United States."

*Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc.*, 32 F.3d 989, 993 (6th Cir. 1994) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)). Plaintiff has not established that the City conspired with anyone for the purpose of depriving plaintiff or any class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. Therefore, Doyle's § 1985 claim lacks merit.

Judgment Affirmed.